IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL ERIC COBBLE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 2:19-CV-905-WHA |
| ) | [WO] |
| EVERY LAW ENFORCEMENT AGENCY ) | |
| EMPLOYEE IN THIS COUNTRY, *et al.,* ) | |
| ) | |
| Respondents. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner Daniel Eric Cobble is an inmate incarcerated in the Sumter County Jail in Americus, Georgia. He styles his *pro se* petition, which is filled with rambling and disjointed "claims," as one for habeas relief under "sec. 2254 not a 2255." *See* Doc. # 1 at 1. The court finds the petition to be largely unintelligible.[1] However, to the extent Cobble appears to challenge matters associated with his conviction and sentence by a state court in Georgia, this court finds his petition is due to be dismissed for lack of jurisdiction.

### I. DISCUSSION

Title 28 U.S.C. § 2241(d) provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which

---

[1] None of the matters referred to by Cobble in his petition have any apparent link to this federal jurisdiction.

> convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d). By this statute, a petition for writ of habeas corpus under § 2254 must be filed either in the federal district court for the district of the state court of conviction or the federal district court in the district of incarceration in that state.

Cobble is incarcerated in the Sumter County Jail in Americus, Georgia, a facility located within the jurisdiction of the United States District Court for the Middle District of Georgia. Cobble's Georgia convictions were entered by state courts in Cobb County, Georgia and Wilcox County, Georgia. Cobb County is located within the jurisdiction of the United States District Court for the Northern District of Georgia. Wilcox County is located within the jurisdiction of the United States District Court for the Middle District of Georgia. This court, which sits in the Middle District of Alabama, lacks jurisdiction over Cobble's habeas petition.

Under 28 U.S.C. § 1631, a court that finds it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought when it was filed. However, the undersigned finds that the interest of justice does not warrant transfer of this case to a federal district court in Georgia.[2] Instead, the petition should be dismissed for lack of jurisdiction.

---

[2] The court takes judicial notice of federal court records, *see Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009), and concludes that transfer of this action is not in the "interest of justice" given Cobble's well-documented "practice of frivolous, vexatious, and duplicative litigation" in the federal courts of Georgia. *See Cobble v. Neeley,* Civil Action No. 1:19-CV-12-LAG-TQL (M.D. Ga. 2019) (Doc. # 5) (sanctioning Cobble from filing civil actions for two years "[i]n light of [his] history of frivolous and vexatious filings [including habeas petitions] and to curb further abuses.").

## II.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED for lack of jurisdiction.

It is ORDERED that Cobble's application for leave to proceed *in forma pauperis* (Doc. # 2) is GRANTED.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before December 6, 2019.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 22nd day of November, 2019.

    /s/   Charles S, Coody  
CHARLES S. COODY  
UNITED STATES MAGISTRATE JUDGE